UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Gerald Doyle,                                            Case No. 3:24-cv-609

            Plaintiff,

       v.                                                  MEMORANDUM OPINION
                                                              AND ORDER

Brian Lee Johnson, et al,

            Defendants.

       Through this action, Plaintiff asserts two tort claims arising from a motor vehicle collision and seeks both compensatory and punitive damages for each. (Doc. No. 1-1).

       Defendants[1] now move to bifurcate Plaintiff's claims for punitive damages from those for compensatory damages at trial, arguing bifucrcation is "proper under Rule 42(b) of the Federal Rules of Civil Procedure and is required by O.R.C. § 2315.21(B)(1)(a)." (Doc. No. 22 at 6). But as Plaintiff correctly notes in his opposition brief, (Doc. No. 23), I previously rejected the argument that bifurcation is required under § 2315.21(B) when ruling on a similar motion. *Thomas v. Auto Owners Mut. Ins. Co.*, No. 3:22-cv-575, 2022 WL 4104551, at *1-*2 (N.D. Ohio Sept. 8, 2022). There, I held the bifurcation analysis in federal court is governed by Rule 42(b), and not § 2315.21(B). *Id.*

       Defendants did not acknowledge my previous ruling in their motion and submitted no reply brief in response to Plaintiff's brief alerting them to this authority. From this, I conclude no further discussion of the matter is necessary and rest on my previous explanation of the issue. For the same

---

[1] While the motion was filed by only Defendants V-Max Transportation, Inc. and Brian Lee Johnson, Defendant Steelcase Inc. filed a Notice joining this motion. (Doc. No. 29).

reasons I explained previously, I reject Defendants' § 2315.21(B) argument and conclude Rule 42(b) controls the bifurcation analysis here.

Rule 42(b) provides that, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues [or] claims…."

While Defendants quote this Rule and set forth related authority, they offer only legal conclusions in support of their argument that bifurcation is warranted here. That is, Defendants generally assert "bifurcating the claim for punitive damages will ensure judicial economy and an expedient trial as the Court will not be burdened with hearing testimony on punitive damages during the liability phase" and "plaintiff's request for punitive damages is properly bifurcated from the trial as it would severely and unfairly prejudice [Defendants]." (Doc. No. 22 at 5). They submit no facts or analysis to support these conclusions.

Ultimately, "[t]he party seeking bifurcation has the burden of proving that bifurcation is warranted," and "a mere assertion of prejudice is insufficient to warrant bifurcation." *4 W., LLC v. Auto-Owners (Mut.) Ins. Co.*, No. 3:20-cv-01, 2021 WL 81748, at *2 (S.D. Ohio Jan. 11, 2021) (internal quotation marks and further citation omitted). Here, Defendants have failed to satisfy their burden. Accordingly, I deny the motion for bifurcation.

So Ordered.

                                                s/ Jeffrey J. Helmick
                                                United States District Judge